David M Browne, SBN 93576
23901 Calabasas Road
Suite 1064
Calabasas, CA 91302
(818) 591-3800
(310) 200-0568 cell
(818) 225-1064 facsimile
dmbeaster@aol.com

Attorney for defendant Gateway Fashion Mall, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX BUSINESS CONSULTING, INC., <br><br> Plaintiff, <br> v. <br> BOB BARTON, an individual, BOB BARTON ADJUSTING, INC., d/b/a BARTON CONSULTING; GATEWAY FASHION MALL, LLC; SCHULER & BROWN; DANIEL E. HOFFMAN, an individual; JACK M. SCHULER, an individual, <br><br> Defendants. | Case No.: CV 08-01036 GW (CWx) <br><br> **DEFENDANT GATEWAY FASHION MALL'S REPLY BRIEF RE LICENSE ISSUES** <br><br> Date: November 5, 2009 <br> Time: 8:30 a.m. <br> Ctrm: 10 |
| BOB BARTON, an individual; BARTON ADJUSTING, INC. dba BARTON CONSULTING; GATEWAY FASHION MALL, LLC; SCHULER & BROWN, a California corporation; DANIEL HOFFMAN, an individual; and JACK M. SCHULER, an individual, <br><br> Counter Claimants. <br> v. <br> MATRIX BUSINESS CONSULTING, INC., <br><br> Counter Defendants. | |

- 1 -

Defendant Gateway Fashion Mall, LLC ("Gateway") hereby presents its reply brief concerning the issue for which the court sought briefing as part of its September 29, 2009 order. However, there is not much to which Gateway can reply because plaintiff has simply failed to brief the issues as directed by the court. Indeed, this puts Gateway in the unfair position of being denied an opportunity to present a written reply concerning the contentions of plaintiff on critical issues.

Simply put, plaintiff argues that it is not subject to California law, and therefore its failure to be licensed under California law is not a defense in this proceeding. Gateway will address below plaintiff's arguments on this question, which it believes to be incorrect. But as Gateway noted in its opening brief, the dispute about which state's law to apply is not particularly important since the result is the same – both states require a license and forbid recovery by unlicensed persons on their contracts.

Plaintiff's brief admits that it is subject to North Dakota law on this question, and yet plaintiff did not present any argument or authorities whatsoever concerning the impact of its failure to be licensed in North Dakota. Plaintiff falsely seems to believe that it can avoid the issue by simply deflecting the application of California law to its claim, and obtain recovery under a contract that it admits is subject to North Dakota law without explaining how it can do so without the license that is also required by North Dakota law. At least, it does not do so in its opening brief, thereby depriving defendant of an opportunity to "reply" in writing to this most critical issue. This is bad faith posturing by plaintiff.

As set forth in Gateway's opening brief, North Dakota requires a license to engage in the business undertaken by plaintiff under the contract in question. Its relevant statue is as follows:

"26.1-26-02. Definitions. As used in this chapter, unless the context requires otherwise:

\* \* \*

    4. "Insurance consultant" means a person that, for a fee, holds oneself or itself out to the public as engaged in the business of offering any advice, counsel, opinion, or service with respect to the benefits, advantages, or disadvantages promised under          ce policy that could be issued in this state."

Plaintiff's contract specifically provides for a fee to offer advice, counsel, opinion and service with respect to the benefits to be obtained under the policy of insurance for the hail storm loss that is specifically referenced in that contract. Plaintiff is acting as an "insurance consultant" with regard to the services that it is providing pursuant to the contract in question in this case. And since plaintiff admits that it is subject to North Dakota law in this case, plaintiff must demonstrate compliance with applicable licensing laws that apply to the contract at issue.

    Indeed, this issue is part of plaintiff's case in chief – one seeking recovery under a contract that requires a license to engage lawfully in that business must establish that one holds the required licenses to recover on that contract.

    As Gateway has already briefed, once plaintiff concedes (as it has) that its contract is governed by North Dakota law on this question, it is a felony for plaintiff to engage in that business without the required license. And plaintiff concedes that it has no license in North Dakota. North Dakota law is also clear in holding that persons may not recover for services provided pursuant to contracts when the plaintiff is required to hold a license, but is unlicensed. Plaintiff has completely failed to offer any briefing on these subjects.

    Gateway respectively requests leave to submit additional briefing once plaintiff finally presents a written position concerning this basic question.

    Turning to the balance of plaintiff's brief, the following is a summary of Gateway's reply:

    1. Plaintiff contends that "insureds" as used in the California statute can only refer to the initial party to the insurance contact, and cannot apply to Gateway

- 3 -

as the assignee of the initial insured. This contention is without any legal support and makes no sense. An assignee steps into the position of the original party to the contract, and there is no policy reason to limit the scope of the statute in the manner proposed by plaintiff.

    2. Plaintiff contends that the statutes should be construed so that the location of the property determines jurisdiction, rather than the location of the conduct that is being regulated by the statute. This argument is without legal support, and ignores the language of the statue. The statute regulates persons undertaking certain business activity in California, and does not in any manner limit application of the statutes to that conduct only when the property is also located in California. There is simply no language to support such a restriction on the scope of the statute.

    3. Plaintiff also presents declarations of its principals who are allegedly testifying as to custom and practice, which evidence is allegedly relevant in determining the law and the meaning of statutes. This evidence is incompetent for that purpose, and should be disregarded. Indeed, this is not an evidentiary proceeding, and Gateway objects to purporting to take evidence by declaration in connection with this briefing of legal issues. If the court determines that it also needs to hear evidence to clarify these legal questions, it should bifurcate the trial and conduct an evidentiary hearing limited to those matters it deems relevant for this purpose.

## PLAINTIFF'S CONTENTION THAT "INSUREDS" CANNOT REFER TO AN ASSIGNEE OF THE ORIGINAL INSURED UNDER AN INSURANCE POLICY IS GROUNDLESS

Plaintiff cites no authority for its contention that the statutory regulation of public adjusters would not apply to Gateway because it is allegedly not an "insured" as that term is used in the statutes because Gateway was the assignee of

the original insured under the policy in question. The contention ignores the regulatory purpose of the statute and draws a distinction when none should exist.

The language in question is:

"A public insurance adjuster within the meaning of this chapter is a person who, for compensation, acts on behalf of or aids in any manner, an insured in negotiating for or effecting the settlement of a claim or claims for loss or damage under any policy of insurance covering real or personal property...."

Insurance Code Section 15007 in relevant part.

As plaintiff concedes, the statutes does not provide a definition of the term "insured" as used in the statute, nor does it address in any way how it should be construed when the rights under an insurance policy are assigned to another. And as plaintiff concedes, there is no authority for its novel reading of the statute.

The common meaning of "insured" would be the persons entitled to receive the benefits under the policy of insurance – that can include not only the person directly named, but also loss payees or other persons who obtain rights to recovery under the coverage provided by the policy. There is no logical reason to draw a distinction between the person initially on the policy and someone who obtains those rights by assignment or other means under the policy. They stand in identical positions with regard to receiving the benefits under the policy.

Plaintiff cites to cases that discuss the interpretation of contracts in which the word insured appears – they are inapposite and do not address the issue in any manner. This is an issue of statutory interpretation and the implementation of public policy as can best be gleaned from the statutes.

In construing the statute, it is important to recognize that it is an exercise of the state's police power to regulate conduct within the state, and to protect a certain class of persons – those people seeking to recover under policies of casualties insurance. This is demonstrated strongly by the authorities cited by plaintiff, and in particular *Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal. App.4th

1400 [19 Cal.Rptr.2d 562]. The language quoted from that case at page 14 of plaintiff's brief demonstrates that what is being regulated is conduct in this state by unregulated persons to represent persons seeking recovery under policies of insurance for a loss. No aspect of the statutory scheme predicates its reach on the location of the property affected. Nor would it make sense to do so, since the intent is to protect the people of California from persons coming into the state without a license and undertaking the forbidden business activity. The public policy evidenced by the statute is a concern that persons that have not demonstrated to the state the satisfactory training and competence (so as to then obtain the required license) should not be permitted to obtain fees to assist such persons in obtaining recovery under casualty insurance policies. The persons being protected are all persons seeking to recover pursuant to their rights under a policy of casualty insurance. The statute refers to such persons generically as "insureds," but the underlying purpose is to protect all such persons no matter how they came to stand in a position to obtain that recovery.

    The statute should be broadly construed to protect this class of persons – not narrowly construed as argued by plaintiff to draw artificial distinctions between persons identically situated. From the point of view of the public policy embodied by these statues, Gateway stands in the same position as the initial insured under the policy. There is no logical reason to construe the word "insureds" narrowly so as to exclude someone like Gateway. Under plaintiff's logic, once the assignment occurs, there no longer is an "insured" to be protected under these statutes, and it is open season for any unlicensed person to engage in the business that would otherwise require a license. And yet conceptually, all of the same considerations that require a license for someone seeking to represent the initial insured also apply to Gateway as the assignee.

    Because the term "insureds" should be construed broadly to effectuate the regulatory purpose of the statute, plaintiff's strained interpretation has no merit.

## THE CALIFORNIA STATUES CANNOT BE PROPERY READ
## TO LIMIT THEIR REACH TO CONDUCT IN THE STATE
## ONLY IF THE PROPERTY IS LOCATED WITHIN THE STATE

Plaintiff cites no authority for its contention that application of the California statutes is limited to losses to property that are located in the state. There is no authority, nor can such a rule be inferred from any of the statutory language.

As was argued in Gateway's opening brief, the statutes focus on prohibited conduct being undertaken in California. The prohibited conduct is seeking to engage in the business of representation of clients in California. What is prohibited is coming into the state and entering into agreements and business practices in the state to adjust insurance losses. This is consistent with the public policy to protect the public from business activity in this state, and as discussed in *Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal. App.4th 1400 [19 Cal.Rptr.2d 562].

As an example, a California owner of an airplane that crashes out of state would not, under plaintiff's theory, be protected from unlicensed persons because the loss occurred out of state. Unlicensed persons could come into the state and seek to represent the plane owner to adjust the loss, but if the crash occurs on the other side of the border, they cannot. This makes no sense, and demonstrates why plaintiff's argument is inconsistent with the statutory scheme which is regulating conduct in the state – not just those losses occurring within the state.

## THE PROPER CHOICE OF LAW ANALYSIS UNDER THE CONTRACT
## IS GOVERNED BY THE *FRONTIER OIL* HOLDING,
## AND DOES NOT AFFECT THE STATUTORY INTERPRETATION

The contractual choice of law issue is separate from the statutory issues regarding the license requirements. In any event, the holding in *Frontier Oil Corp. v. RLI Ins. Co.* 153 Cal.App.4th 1436 controls the decision on this point. It has

been cited by both parties as the controlling authority.

The contract in question is that attached to the First Amended Complaint and was executed on June 6, 2007. It superseded a nearly identical contract executed by the parties in December, 2006, and made on ly a few small changes. Plaintiff refers to an earlier contract in April, 2006 that is not applicable in support of its arguments. Plaintiff completely fails to explain how its argument makes any sense in view of the actual contracts at issue here. Plaintiff came into the state to negotiate and execute the contract attached to the First Amended Complaint, and performed a majority of the services under that contract in this state. Services were also performed in North Dakota and Colorado, but the gravamen of the contract – to consult and advise and also represent Gateway in negotiations with the insurer, all occurred in California.

Even if North Dakota law is applied, plaintiff's brief is silent on its impact on its contract. As argued in Gateway's opening brief, North Dakota also requires a license and prohibits recovery for unlicensed persons. Gateway cannot address plaintiff's arguments on this point because in bad faith, they were completely omitted from its brief.

**THE DECLARATIONS OF PLAINTIFF'S PRINCIPALS ARE NOT PROPERLY CONSIDERED IN CONSTRUING THE LAW**

Plaintiff presents declarations from its principals as to their anecdotal experiences with regard to the application of licensing laws for public adjusters in various jurisdictions. Nothing permits any consideration of this inadmissible evidence, nor should evidence be taken in this briefing environment for the purpose of allegedly resolving disputed factual issues.

Also, plaintiff glibly refers to licenses being held by certain other persons other than plaintiff as allegedly somehow curing the failure of plaintiff to be licensed. No argument or authority is presented in plaintiff's brief suggesting how

these facts make any difference, and they cannot. There is no recognized exception for an unlicensed business to still be able to enforce its illegal contracts because someone else on the scene does have a license.

## CONCLUSION

Plaintiff is unlicensed in either applicable jurisdiction, and both jurisdictions forbid enforcement of contracts by unlicensed persons. Plaintiff weakly seeks to sidestep the application of California law to its contract and conduct undertaken in this state, and those arguments should be rejected. But completely missing from plaintiff's brief is any argument on how its contract is legal and enforceable under North Dakota law, which allegedly should be applied in this matter. This is fundamentally unfair to Gateway, who will undoubtedly see thee arguments in the "Reply" filed by plaintiff on these points. Gateway reserves the right to present further authorities and argument once it finally receives what should have been in plaintiff's opening brief.

Dated: October 27, 2009

David M. Browne
Attorney for defendant Gateway Fashion Mall, LLC