David M Browne, SBN 93576
23901 Calabasas Road
Suite 1064
Calabasas, CA 91302
(818) 591-3800
(310) 200-0568 cell
(818) 225-1064 facsimile
dmbeaster@aol.com

Attorney for defendant Gateway Fashion Mall, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATRIX BUSINESS CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> BOB BARTON, an individual, BOB BARTON ADJUSTING, INC., d/b/a BARTON CONSULTING; GATEWAY FASHION MALL, LLC; SCHULER & BROWN; DANIEL E. HOFFMAN, an individual; JACK M. SCHULER, an individual, <br><br> Defendants. | Case No.: CV 08-01036 GW (CWx) <br><br> **FURTHER REPLY TO ARGUMENTS BY PLAINTIFF MATRIX BUSINESS CONSULTING RE LICENSE ISSUES** <br><br> Date: November 16, 2009 <br> Time: 8:30 a.m. <br> Courtroom: 10 |
| BOB BARTON, an individual; BARTON ADJUSTING, INC. dba BARTON CONSULTING; GATEWAY FASHION MALL, LLC; SCHULER & BROWN, a California corporation; DANIEL HOFFMAN, an individual; and JACK M. SCHULER, an individual, <br><br> Counter Claimants. <br><br> v. <br><br> MATRIX BUSINESS CONSULTING, INC., <br><br> Counter Defendants. | |

Defendant Gateway Fashion Mall ("Gateway") hereby provides a further reply to the new material introduced in plaintiff's "Reply" brief. In fact, plaintiff withheld significant substantive arguments and interjected them as a "reply" for the apparent purpose of denying defendant any opportunity to respond. Defendant will keep this sur-reply very brief to these matters.

Plaintiff complains about the short delay in defendant's filings. These resulted from difficulties on both occasions in getting the completed documents uploaded to the Court's website. The electronic tags on the .pdf files uploaded by defendant demonstrate that both documents were completed prior to the filing deadline, and that this was solely a problem in uploading. Also, both of plaintiff's filings were similarly late – they were not sent in by the end of business on the filing deadline, but several hours later in both instances. Neither party has suffered any prejudice from this, and the request for sanctions by plaintiff is entirely improper. Also, the other claims are unfounded – the prior episode of delay by defendant arose from its counsel being hospitalized and having surgery for cancer, as previously detailed in filings in this case. Why this has become grounds for attacking the conduct of the defendant is unexplained.

**This is not an evidentiary hearing, and plaintiff's arguments concerning evidence are groundless.**

Plaintiff attacks defendant's brief as not supported by evidence. That accusation is also true for large parts of plaintiff's brief. However, this is not an evidentiary proceeding, nor would it be proper to be trying contested facts in this proceeding. The court instructed the parties to submit briefs concerning specified legal issues, and evidentiary matters are not being determined. Defendant's brief was limited to the facts that the parties' have not disputed in this matter, and serves to frame the legal questions that are being decided. Once the court determines the applicable law to apply to these issues, which is the focus of this hearing, the court

can determine what sort of evidentiary hearing it needs to resolve any alleged factual issues. The objections by plaintiff concerning the absence of declarations or other evidentiary material is groundless.

<u>Gateway's answer pleaded the illegality of plaintiff's contract for failure to have the required license – if the court finds that North Dakota law applies instead of California law, the issue is still properly before the court as to North Dakota law.</u>

With no citation to authority, plaintiff claims that the issue of legality and licensing is not before the court if the court finds that North Dakota law applies because Gateway's answer refers to plaintiff's failure to be properly licensed under California law. Allegedly, the issue of failing to be properly licensed is therefore limited solely to California, and not another jurisdiction if the court finds that North Dakota law should be applied instead.

However, the answer clearly raises the question of licensing and illegality, and that is true under either jurisdiction. Simply because Gateway believed that California law rather than North Dakota law governs this question does not remove this issue if the court finds that North Dakota law applies instead.

Moreover, the basic question of licensing and legality is clearly raised, and plaintiff must satisfy this element anyway as part of its case in chief. This is a element of substantive law – in California, a contract to recover for services in violation of applicable licensing statutes is unenforceable without regard to whether or not the defendant pleads the issue as a defense. *Yoo v. Robi* (2005) 126 Cal.App.4th 1089, 1103 [24 Cal.Rptr.3d 740]. There is no federal pleading standard that excuses plaintiff from having to establish that it holds a required license to recover for services – that is an element of plaintiff's case and not new material that must be raised by affirmative defense.

<u>The doctrine of substantial compliance has never applied to a complete failure of the plaintiff to be licensed, and instead applies to technical failures in the licensing of the plaintiff.</u>

Plaintiff refers to the doctrine of substantial compliance as allegedly excusing its failure to be licensed because one of its principals holds a license. However, none of the authorities cited by plaintiff apply the doctrine in this manner. The cases allow recovery when there has been a minor defect in compliance, rather than a complete failure of compliance by the plaintiff. For example, plaintiff cites *Latipac, Inc. v. Superior Court* [1966] 64 Cal.2d 278. In that case, the plaintiff held a license at the time of contracting, but it lapsed during performance of the job because due to the mental illness of its office manager, and it failed to send in the renewal of the license. Plaintiff was promptly reinstated, and the issue was whether this constituted a defense or whether there was substantial compliance. The court held that this constituted substantial compliance. In *Asdourian v. Araj* (1985) 38 Cal.3d 276, the plaintiff had obtained a license in the name of his dba or fictitious business name, but had then used his individual name in entering into a construction contract. In other words, he was individually licensed though his dba but had used his individual name for the contract. The court held that since he was licensed as an individual, the misnomer in describing his licensed status did not invalidate his contract. Again, this has no application to plaintiff which has never held any license, and is trying to piggyback on the license held by a principal of the corporation. There is no authority applying the doctrine in such a situation.

There is also no authority in California or North Dakota holding that the licensing requirements are waived if the defendant holds a license. And of course, defendant Gateway does not hold a license, and what plaintiff is claiming is that the license of a non-party Raymond Arjmand as a principal of Gateway is what allegedly excuses plaintiff from the licensing requirement. There is no authority

whatsoever for that additional stretch in this argument. This argument is the equivalent of saying that a doctor cannot assert the defense when an unlicensed doctor seeks recovery for medical services from the doctor, or a lawyer cannot assert the defense when an unlicensed attorney seeks recovery for legal services from the attorney. There is simply no authority or justification for such a rule.

Both California and North Dakota provide for corporations or other entities to obtain licenses to perform the services in question, and none suggest in any manner that a corporation can rely on the license of an individual to perform the services that require a license. In California, licensed public adjusters are any "person," which under Section 15010(e) may be an entity provided the additional information is provided concerning the entity seeking the license. In North Dakota, Section 26.1-26-02(4), (9) and (1) defines an "insurance consultant" as a "person," which explicitly includes an individual or business entity, which explicitly includes a corporation. There is no tacit allowance of an unlicensed corporation to engage in the business pursuant to an individual's license.

<u>The additional pleading arguments are not properly considered as part of this proceeding.</u>

Plaintiff asks for leave to amend its complaint to allege a reformation of the contract, or to change the identity of the party plaintiff. These cannot be properly considered as part of this briefing, and are unsound anyway based on the showing in the reply brief. Furthermore, plaintiff argues that defendant has allegedly failed to negate every cause of action of the complaint, but defendant has not addressed any of its arguments to the various theories advanced by plaintiff in its pleading, nor has the court asked it to do so. The court has asked for a briefing of the applicable law concerning the licensing questions and the jurisdictional questions. Once it makes those determinations, the effect of its legal conclusions on the issues presented in this action is for a further proceeding. The court may decide to hear a

bifurcated trial on certain factual questions to conclusively resolve issues, or such other proceedings as it sees fit based on the legal determinations made by the court as to applicable law.

In any event, plaintiff cites no authority for the novel proposition that it may evade the bar of recovery on its contract because it was unlicensed by instead relying on various quasi-contract theories. There is no authority for the simple reason that such reasoning would simply render meaningless the requirement to hold a license in order to recover under a contract for services that requires a license. Any unlicensed person would simply seek recovery under quasi-contract theories if this loophole was permitted. In California, this would simply undo Insurance Code Section 15006(b) which is broadly worded ("... shall not be liable for the payment of any past services rendered, or future services to be rendered, by that person under that contract *or otherwise*." (emphasis added)). In North Dakota, the cases cited by defendant in its brief indicate that recovery is barred in general due to the illegality – it is not simply a bar to recovery on the contract theory, but a bar to recovery based on general public policy considerations.

<u>Plaintiff still cannot cite any authority for its attempt to limit the term "insured" in Insurance Code Section 15006 to only the initial holder of the policy rather than its assignee.</u>

The court should note that the Insurance Code itself defines the concept of "insured" broadly as anyone entitled to receive indemnity under the contract of insurance. Insurance Code Section 23 ("The person who undertakes to indemnify another by insurance is the insurer, and the person indemnified is the insured."). Also, the Insurance Code uses the phrase "named insured" when it intends the statute to have the narrow construction argued by plaintiff – see, for example, Insurance Code Section 481.1(a). There is simply no authority for the proposition that the term "insured" as used Insurance Code Section 15006 can only refer to the

initial named insured under the policy and not the assignee of the policy, such as defendant Gateway. Plaintiff's narrow interpretation of the statute has no validity.

Dated: November 7, 2009

*/s/ David M. Browne*
David M. Browne
Attorney for defendant Gateway Fashion Mall